Richard H. Lloyd's Estate.    Thomas H. Lloyd's Appeal.

*Will—Legacy—Charge on land.*

A legacy is charged on a testator's real estate where he directs as follows: " And as for what Litle worldy Estate it has pleased him to Bless Me with I give and bequeath in manner and form as follows: . . . . It is My will and I do order that M. shall unto his own use the sum of one thousand Dollars out of the Estate."

Argued Feb. 12, 1896.   Appeal, No. 217, July T., 1895, by Thomas H. Lloyd, from decree of O. C. Chester County, charging legacy upon real estate.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition of John Mills to charge legacy on land.

From the report of the auditor, H. H. Gilkyson, Esq., it appeared that Richard H. Lloyd died on January 20, 1892, leaving a will which was as follows :

First Commend My sole into the hands of god who gave it Hoping he will deal mercifully thereby

Scond I give My body to the Earth to be beried in a Decent and Christian Like Manner

And as for what Litle worldy Estate it has pleased him to Bless Me with I give and bequeath in manner and form as follows to wit

Thirdly It is My will and I do order that all my Just Debts Along with My funeral Expenses be punctualy Paid and Satisfied as soon after my Decease as Conveaniently Can Be Done by my Executor here in after Mentioned and

Fourthly it is my will and I do order that John Mills shall unto his own use the sum of one thousand Dollars out of the Estate and I give and bequeath unto John Mills a Bead And Covers for the same and I give and bequeath unto my sow called son Thomas H Lloyd two hundred Dollars and I give and bequeath unto Bethesda Church one thousand Dollars for the use of the fence and graves of Thomas Lloyds and Roaanak And Richard H. Lloyds and the Remainder of the interest of the Remainder to Remain in the Property untill the Executor can Apoint a Comity to invest the same in safe hands and the yearly interest

or part of it for the use of the Church and the Remainder of the Mony if there should be left for the Repairs of the grave yard and Church, and I do hereby maak and ordain my Esteamed Neighbor Charles Richards Executor of this my Last will and testament.

The auditor reported that the legacy of $1,000 to John Mills was charged upon the land, and should be paid from the real estate. Exceptions to the auditor's report were overruled in an opinion by WADDELL, P. J., and a decree entered in accordance with the recommendation of the auditor.

*Error assigned* was above decree.

*Wm. M. Hayes, J. Carroll Hayes* with him, for appellant.—To charge a legacy upon land something more than a mere direction to pay is necessary: Duvall's Est., 146 Pa. 184; Miltenberger v. Schlegel, 7 Pa. 241; Hamilton v. Porter, 63 Pa. 332; Buchanan's App., 72 Pa. 448; Cable's App., 91 Pa. 327; Van Vliet's App., 102 Pa. 574; Walter's App., 95 Pa. 305; Brandts' App., 8 Watts, 198; Hackadorn's App., 11 Pa. 86; Montgomery v. McElroy, 3 W. & S. 370; Wright's App., 12 Pa. 256; 2 Jarman on Wills, 362, 510; South Mahoning Twp. v. Marshall, 138 Pa. 575; Penny's App., 109 Pa. 323; Eavenson's App., 84 Pa. 172.

There being no residuary clause blending realty and personalty the pecuniary legacies are not a charge on the real estate: McLanahan v. McLanahan, 1 P. &. W. 96; Towers' Appropriation, 9 W. & S. 103; 12 Am. & Eng. Ency. of Law, 110; Brookhart v. Small, 7 W. & S. 229; 1 Redfield on Wills, 424; Lynes v. Townsend, 33 N. Y. 558; Howe's App., 126 Pa. 233.

The heir cannot be disinherited except by express direction or necessary implication: Penna. Co.'s App., 168 Pa. 431; Bender v. Dietrick, 7 W. & S. 284; Rupp v. Eberly, 79 Pa. 141; Cowles v. Cowles, 53 Pa. 175; France's Est., 75 Pa. 220; Faulstich's Est., 154 Pa. 188; Hitchcock v. Hitchcock, 35 Pa. 393; Hancock's App., 112 Pa. 532; Hellerman's App., 115 Pa. 120; Graham v. Graham, 3 Clark, 212.

*J. Frank E. Hause, Frank S. Livingood* with him, for appellee.—No intestacy exists from the construction of this will:

Reimer's Est., 159 Pa. 212; Miller's App., 113 Pa. 459; Raudenbach's App., 87 Pa. 51; Hofius v. Hofius, 92 Pa. 305; Roland v. Miller, 100 Pa. 47; Boards of Missions App., 91 Pa. 507; 2 Jarman on Wills, 321, 329.

The disposition of the remainder charges the legacy on the land: Wertz's App., 69 Pa. 173; Brisben's App., 70 Pa. 409; Dickerman v. Eddinger, 168 Pa. 240; Towers' Appropriation, 9 W. & S. 103; Davis' App., 83 Pa. 348.

The Mills legacy is by express language payable out of the entire estate: Riley's App., 34 Pa. 291; Worth v. Worth, 95 N. Car. 239; Price's App., 169 Pa. 294.

PER CURIAM, March 2, 1896:

The decedent executed, some time before his death, an obscure and inartificial will by which he gave legacies to John Mills, to his son, Thomas, the appellant, and to Bethseda Church, in trust. The first of these he charged upon his estate. The second and third are not so charged expressly. Whether there is a gift of the residue is a question about which the parties differ. The only question presented by this appeal is whether the legacy to Mills is a charge upon testator's real estate. It is so made by the testator by the use of the words, "I order that John Mills unto his own use the sum of one thousand dollars out of the estate." These words are not repeated in the other legacies and whether they extend to and effect the legacies to Thomas and to Bethseda Church must depend on the construction of the will. The same may be said about the residue of his estate. It is not given in terms to a residuary legatee. The question whether the testator did not die intestate as to such residue is an open one therefore, but one which will probably be presented and decided in a short time in the orphans' court. There is some reason for thinking that all the testator intended to give to Bethseda Church was $1,000 for keeping certain graves in order and then for repairing "the grave yard and the Church" with so much of the income from the legacy as was not needed for the care of the graves first mentioned by the testator. But this question is not before us and we express no opinion upon it. The decree is affirmed. As it relates only to the legacy to Mills, the effect of this decree is limited to the same subject.