# Estate of Richard H. Lloyd, deceased.   Appeal of John Mills.

*Will—Residuary clause—Construction of will.*

Testator directed as follows: " It is my will and I do order that John Mills unto his own use the sum of one thousand dollars out of the estate, and I give and bequeath until John Mills a bead and cover for the same, and I give and bequeath unto my so called son, Thos. H. Lloyd, two hundred dollars, and I give and bequeath unto Bethesda Church one thousand dollars for the use of the fence and graves of Thomas Lloyds and Roaanak and Richard II. Lloyd, and the remainder of the interest of the remainder to remain in the property until the executor can appoint a committee to invest the same in safe hands, and the yearly interest, or part of it, for the use of the church, and the remainder of the money, if there should be left, for the repairs of the grave yard and church." *Held*, (1) that the church was intended to have the residue of the estate ; (2) that upon a deficiency of the whole estate to pay the three legacies, all three of the legacies should abate proportionately.

Argued Feb. 9, 1898.   Appeal, No. 427, Jan. T., 1897, by John Mills, from decree of O. C. Chester Co., Jan. T., 1897, No. 427, overruling exceptions to auditor's report.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to auditor's report.

From the report of the auditor, H. H. Gilkyson, Esq., it appeared that Richard H. Lloyd died on January 20, 1892, leaving a will by which he directed, inter alia, as follows :

" Fourthly it is my will and I do order that John Mills unto his own use the sum of one thousand dollars out of the estate, and I give and bequeath until John Mills a bead and cover for the same, and I give and bequeath unto my so called son, Thos. H. Lloyd, two hundred dollars, and I give and bequeath unto Bethesda Church one thousand dollars for the use of the fence and graves of Thomas Lloyds and Roaanak and Richard H. Lloyd, and the remainder of the interest of the remainder to remain in the property until the executor can appoint a committee to invest the same in safe hands, and the yearly interest, or part of it, for the use of the church, and the remainder of the

money, if there should be left, for the repairs of the grave yard and church; and I do hereby make and ordain my esteemed neighbor, Charles Richards, executor of this my last will and testament. In witness, I, Richard H. Lloyd, the testator, have to this my last will, written on one sheet of paper, set my hand and seal this first day of June, in the year of our Lord, one thousand eight hundred and eighty-four. Richard Harrison Lloyd. (seal)."

In Lloyd's Estate, 174 Pa. 184, it was decided that the legacy of John Mills was a charge upon the land.

The auditor in the present proceeding held that as there was a deficiency of the whole estate to pay the three legacies in full, all of the three legacies should abate proportionately.

Exceptions to the auditor's report were overruled in an opinion by BUTLER, J.

*Errors assigned* were in overruling exceptions to auditor's report.

*J. Frank E. Hause*, with him *Frank S. Livingood*, for appellant.—Where the testator, after giving legacies, makes no specific devise of his real estate, but blending it with the personalty in the residuary clause, gives it all to his residuary devisee, he thereby charges the realty with the payment of the legacies : Bennett's Est., 148 Pa. 139; Duvall's Est., 146 Pa. 176; Haworth's App., 105 Pa. 362; Cable's App., 91 Pa. 327; Walter's App., 95 Pa. 307; Shenk v. Shenk, 150 Pa. 521; Penny's App., 109 Pa. 323; McCoury v. Leek, 14 N. J. Eq. 73.

If, therefore, the language used by the testator, in connection with the bequest to Bethesda Church, implies so clearly and necessarily that such bequest was to be a charge upon his land, then distribution has been properly decreed. If the language used is doubtful, then it is respectfully submitted that that doubt must be resolved against the contention of this legatee.

Let it be assumed that the language used by the testator is susceptible of a construction favorable to the contention of the church. The rule with respect to a charge of the legacy by implication still cannot be applied: Lloyd's App., 174 Pa. 184.

*I. Newton Wynn*, for appellee.

OPINION BY MR. JUSTICE FELL, November 14, 1898:

The primary question is one of construction.  If there is an intestacy as to the real estate the appellant's legacy, having been decided to be an express charge (see Lloyd's Appeal, 174 Pa. 184), will not abate because of a deficiency of personal assets; if the real estate is devised, there is such a blending of the real and personal estate in a residuary clause as to charge the other legacies, and the legatees must share proportionately in the distribution of the fund.

If in speaking of the remainder in the fourth paragraph of his will the testator meant the remainder of his estate after the payment of the pecuniary legacies, the construction given by the auditor and sustained by the orphans' court is correct.  If he meant the remainder of the legacy to the church the construction contended for by the appellant is correct.

The entire disposition of the estate is made in one sentence, which is so obscure as to be difficult of construction; but the difficulty arising from the unskilful use of words partially disappears when the general plan of the testator in disposing of his property is considered.  The intention of the testator to make three pecuniary legacies is clear, as is his purpose that the last of the three shall be used by the church to keep in repair his grave and the graves of his parents and the fences which inclose the burial lot.  When, after this, the testator speaks of the remainder, he should not be understood as referring to that which had already been taken from his general estate.  Having provided for the care of the family graves and lot, his next thought was to aid the church in its general work, and that if after this anything should remain it should be used for the repair of the church building and graveyard.  For this the income only was to be used.  The view that he intended to give the residue of his estate to the church is strengthened by the fact that the income of the balance of the legacy, or the balance of the income of the legacy, if a permanent provision for the care of the family lot was intended, would be disproportionately small for the further uses named.  The relations between the testator and his son had been strained for many years.  The manner in which he refers to his son indicates more than mere indifference and unfriendliness, and tends to negative any intention to make him a beneficiary further than as the recipient

of a trifling pecuniary legacy.. The considerations named are those which led to the conclusion reached by the auditor and the learned judges of the orphans' court, and we think they fully . sustain it.

The decree is affirmed at the cost of the appellant.